UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSEPH AMOROSO,

     Plaintiff,

   -against-

COUNTY OF SUFFOLK,

     Defendant.
----------------------------------------X

ORDER
08-CV-826 (JFB) (ETB)

JOSEPH F. BIANCO, District Judge:

  Before the Court is a Report and Recommendation from Magistrate Judge Boyle recommending that the Court dismiss this case because plaintiff has failed to comply with numerous orders and failed to prosecute the case.

  Plaintiff filed the complaint in this case on February 26, 2008. Plaintiff alleges that he was subjected to excessive force incident to his arrest on August 6, 2007. (*See* Compl. at 5.) Plaintiff's action requests damages for the physical injuries he sustained due to the excessive force, including bruised ribs and other contusions. (*Id.*) On February 29, 2008, plaintiff was granted leave to proceed *in forma pauperis*. (Docket Entry [4].)

  Judge Boyle scheduled an initial conference for March 26, 2009. (Docket Entry [16].) Thereafter, the parties proceeded with discovery, which was certified as complete at a conference before Judge Boyle on November 17, 2009. (Docket Entry [30].) At the same conference, plaintiff informed the Court that he expected to be released from prison in late February 2010. (*Id.*) Judge Boyle therefore extended the time for plaintiff to file a list of trial witnesses and exhibits to April 30, 2010. (*Id.*) Judge Boyle further ordered that the parties should file a joint pre-trial order by April 30, 2010 and scheduled the final conference for May 20, 2010. (*Id.*) On May 19, 2010, Judge Boyle noted that the parties had failed to file a joint pre-trial order by that date. (Docket Entry [31].) Judge Boyle directed plaintiff to

file a list of witnesses and trial exhibits by June 7, 2010 and directed defendant to file a joint pre-trial order by that same date. (*Id.*) Judge Boyle rescheduled the final conference for June 15, 2010. (*Id.*)

On May 20, 2010, the defendant filed a letter stating that plaintiff had been released from prison on February 26, 2010 but had not supplied defendant with a forwarding address. (Docket Entry [32].) Defendant thus requested the Court's direction as to how to notify plaintiff of the rescheduled final conference. (*Id.*) On June 7, 2010, defendant filed the joint pre-trial order and also filed a letter request for the Court to consider an application to dismiss the matter for failure to prosecute. (Docket Entry [33].) Judge Boyle held the final conference on June 15, 2010. (Docket Entry [35].) Plaintiff did not appear. (*Id.*) Judge Boyle directed the County attorney to notify the *pro se* plaintiff to appear on June 29, 2010. (*Id.*) Defendant served this order on plaintiff on June 15, 2010. (Docket Entry [36].) Plaintiff did not appear at the June 29, 2010 conference. (Docket Entry [37].) Accordingly, on June 30, 2010, Judge Boyle recommended that the action be dismissed because of plaintiff's failure to comply with the court's orders and failure to prosecute the case. (Docket Entry [38].) Judge Boyle directed plaintiff to file objections within fourteen days of service of the Report & Recommendation. (*Id.*) This Court has received no objections to the Report and Recommendation.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court

order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives. . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart*, 992 F.2d at 461 ("'[D]ismissal for want of prosecution is a

matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'" (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981))).

Under the circumstances, the above-referenced factors favor dismissal of the instant case. Despite repeated attempts, defendant's counsel has been unable to contact plaintiff since he was released from prison in February 2010. Since that time, plaintiff has not communicated with the Court at all. Additionally, Judge Boyle's Report & Recommendation put plaintiff on notice that the action would be dismissed if he failed to file any objections to the report. Moreover, as noted by Judge Boyle, defendant's counsel reports that he served *pro se* plaintiff at the address provided by his parole officer—46 West Broadway, Port Jefferson Station, New York 11776—and that the mailing was not returned as undeliverable.[1] Nonetheless, *pro se* plaintiff has failed to appear or otherwise communicate with the Court following his release from prison on February 26, 2010. In short, as currently situated, there is no way that this action can proceed because plaintiff has not participated in the preparation of a joint pre-trial order with defendant and because plaintiff has failed to appear and his whereabouts are unknown. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendant of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case. However, under the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in

---

[1] In considering these factors, courts have routinely found that "it is the plaintiff's responsibility to keep the Court informed of his current address, and failure to do so may justify dismissal for failure to prosecute." *Sims v. Fernandez*, No. 03 Civ. 2997 (KMW) (DF), 2004 U.S. Dist. LEXIS 6108, at *4 (S.D.N.Y. Mar. 16, 2004) (collecting cases); *see, e.g., Parris v. Local 32B-32J*, No. 96 Civ. 3604, 1998 U.S. Dist. LEXIS 8672, at *2 n.1 (S.D.N.Y. June 12, 1998) ("In addition, the plaintiff's failure to notify either the Court or the Postal Service of her change in address indicates that the complaint should be dismissed independently for failure to prosecute."). However, the failure to provide a current address must not be considered in isolation, but rather in the context of the other above-referenced factors articulated by the Second Circuit.

order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the R&R in their entirety and dismisses the plaintiff's complaint without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of the Court is directed to close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: July 21, 2010
Central Islip, New York